UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD W. HENRY,

       Plaintiff,                            Case No. 16-cv-11961

vs.                                                   HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 16), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 15), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 13), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14)**

In this social security case, Plaintiff Edward W. Henry appeals from the final determination of the Commissioner of Social Security that he is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Patricia T. Morris for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 13, 14), and the magistrate judge issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Henry's motion for summary judgment (Dkt. 15). Henry filed objections to the R&R (Dkt. 16); the Commissioner subsequently filed a response (Dkt. 17).

For the reasons that follow, the Court overrules Henry's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted and Henry's motion is denied. The final decision of the Commissioner is affirmed.

**I. LEGAL STANDARD**

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Henry offers four objections: (i) the magistrate judge erred in finding that the ALJ's decision was supported by substantial evidence; (ii) the magistrate judge erred in holding that the ALJ's findings regarding Henry's recurrent ulcers and extremity cellulitis were supported by substantial evidence; (iii) the magistrate judge erred when she held that the ALJ did not have a duty to re-contact Henry's treating physicians; and (iv) the magistrate judge erred when she affirmed the ALJ's credibility assessment of Henry. The Court concludes that each objection lacks merit.

**A. Objection One**

Henry first argues that the magistrate judge erred in finding that the ALJ's decision to deny benefits was supported by substantial evidence. He argues that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony that ultimately, resulted in an inadequate determination to address Plaintiff's multiple severe medical conditions (specifically, mild osteoarthritis of hip; degenerative joint disease of the spine; obesity; and sarcoidosis . . . )[.]" Obj. at 5 (cm/ecf page). He also notes that documentation from the United States Department of Veterans Affairs ("VA") includes diagnostic testing that supports a finding of severe impairments. Finally, Henry argues that the ALJ improperly rejected his physicians' determination of his residual functional capacity ("RFC").

Henry's arguments regarding the VA records are unavailing. While he argues that the ALJ misconstrued this medical evidence, the record indicates that she reviewed the documentation and agreed with the assessment that Henry's mild osteoarthritis of the hip, degenerative joint disease of the spine, obesity, and sarcoidosis qualified as severe impairments. A.R. at 17 (Dkt. 10).

The denial instead rests on the ALJ's conclusion that, despite Henry's inability to perform his past relevant work, his RFC allowed him to perform other jobs that exist in significant numbers in the national economy. The ALJ found that Henry had the following RFC:

> [T]o perform light work as defined in 20 C.F.R. § 404.1567(b) except: allowance to change positions every 30 minutes for one to two minutes in the immediate vicinity of the work station with sitting, standing or walking for a total of four hours each; no operation of foot controls, occasional climbing stairs; no climbing ladders and the like or balancing on one lower extremity at [a] time; occasional stooping greater than 90 degrees, kneeling, or crouching; no crawling or exposure to obvious hazards; occasional exposure to temperature extremes, humidity and respiratory irritants; and no fast paced work meaning no work where the pace of productivity is dictated by an external source over which the claimant has no control such as an assembly line or conveyor belt.

A.R. at 19. Henry contends that the ALJ rejected the conclusions of physicians regarding his RFC, stating that "[t]he ALJ is not a medical doctor and should not be making a RFC determination on her own, but should instead rely on the medical opinions in the record." Obj. at 5 (cm/ecf page).

There is substantial evidence in the record supporting the ALJ's conclusion regarding Henry's RFC. Contrary to Henry's claims, the ALJ did rely on medical opinions when assessing his RFC. Specifically, the ALJ gave "great weight" to the opinion of Dr. David Aprahamian, a treating provider at the VA. A.R. at 21. After examining Henry and reviewing all of his medical history and treatment records, Dr. Aprahamian concluded that Henry "should be able to perform physical and sedentary jobs." Id. The ALJ noted that this conclusion was "consistent with the record as a whole." Id. Because the ALJ clearly relied on a medical opinion — along with Henry's symptoms and objective medical evidence — there is substantial evidence in the record to support her conclusion regarding Henry's RFC.

**B. Objection Two**

Henry next argues that the magistrate judge erred in concluding that there was substantial evidence to support the ALJ's finding that Henry's recurrent ulcers and extremity cellulitis were not severe impairments. In order to qualify for disability benefits, an individual must have a "severe medically determinable physical or mental impairment" for at least twelve months during the relevant period. 20 C.F.R. § 404.1520(a)(4)(ii). The relevant period in this case is from June 2, 2011 through December 31, 2012. A.R. at 20.[1] "In the Sixth Circuit, the severity determination is 'a de minimis hurdle in the disability determination process.'" Anthony v. Astrue, 266 F. App'x

---

[1] Henry previously filed a claim for disability insurance benefits on April 5, 2011. A.R. at 15. This claim was denied on June 1, 2011 and was not appealed. Id. As a result, the relevant period begins the day after the denial of his initial application for benefits. The last date of the relevant period, December 31, 2012, represents the last day on which he met the insured status requirements of the Social Security Act. Id. at 17.

4

451, 457 (6th Cir. 2008) (quoting Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir. 1988)). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education and experience." Id. (quoting Higgs, 880 F.2d at 862).

To begin, there is evidence in the record supporting the ALJ's finding that Henry's recurrent ulcers and extremity cellulitis did not qualify as severe impairments. Henry testified before the ALJ that he had not experienced a leg ulcer "in years" because he was no longer required to sit or stand for long periods of time. A.R. at 20. He also testified that he was able to drive sixty miles without issue, indicating that the ulcers and cellulitis had subsided. Id. at 19. While Henry attempts to minimize this testimony by pointing to medical records indicating treatment for ulcers and cellulitis over a two year period, other evidence in the record indicates that these illnesses occurred intermittently, rather than on a consistent basis over a twelve month period. See id. at 20 (noting that hospitalization for cellulitis was brief); id. at 328 (cellulitis issue no longer present); id. at 608 (had not experienced cellulitis in five years).

Even if the ALJ's findings regarding the severity of Henry's ulcers and cellulitis were not supported by substantial evidence, such an error would be harmless. While the ALJ deemed the ulcers and cellulitis to be non-severe impairments, she found that Henry's mild osteoarthritis of the hip, degenerative joint disease of the spine, obesity, and sarcoidosis qualified as severe impairments. Id. at 17. The Sixth Circuit has held that where at least some of the claimant's impairments have been found to be severe, the fact that others were deemed non-severe is "legally irrelevant." Anthony, 266 F. App'x at 457; see also Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987) ("Since the Secretary properly could consider claimant's cervical condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's cervical

condition constituted a severe impairment could not constitute reversible error."). Because the ALJ continued beyond the severe impairment step, and considered Henry's non-severe impairments in determining his RFC, reversal is not warranted on this basis.

**C. Objection Three**

Henry also argues that the magistrate judge erred when she held that the ALJ did not have a duty to re-contact Henry's treating physicians. The regulations state that "[i]f the evidence in your case record is insufficient or inconsistent, we may need to take . . . additional actions." 20 C.F.R. § 404.1520b(b). As an example, the regulations state that the ALJ "may recontact your medical source." 20 C.F.R. § 404.1520b(b)(2)(i). In his motion for summary judgment, Henry cited to regulations which required the ALJ to contact a medical source where the evidence is inconsistent or insufficient. As the Commissioner notes, those regulations are no longer good law. As noted above, the governing regulation, 20 C.F.R. § 404.1520b, gives the ALJ discretion regarding whether to contact the medical source where the evidence is inconsistent or insufficient. In his objection, Henry asserts the peculiar position that the ALJ still was obligated to contact Dr. Thomas O'Brien because, in light of her decision to give the doctor's opinion little weight, "the medical evidence contained a conflict or ambiguity that needed to be resolved." Obj. at 8 (cm/ecf page).

No such conflict or ambiguity exists. The ALJ chose not to credit Dr. O'Brien's opinion that Henry needed to elevate his feet to the height of a stool for five to fifteen minutes every two to three hours because she discovered evidence that this advice was given at Henry's behest. A.R. at 21. The ALJ concluded that "[t]here is no evidence that Dr. O'Brien's opinion was the physician's own medically based opinion." Id. She also stated that "in cases where the opinion departs substantially from the rest of the evidence of record, as in the current case, the motives

6

behind the issuance of the opinion is questionable." Id. She instead credited the opinion of Dr. Aprahamian, a physician at the VA who personally examined Henry and reviewed the relevant medical records. Dr. Aprahamian's opinion, when considered in conjunction with the other evidence in the record, provided substantial evidence for the ALJ's findings. There was thus no need to contact Dr. O'Brien to further explore his opinion.

### D. Objection Four

Finally, Henry argues the magistrate judge erred when she affirmed the ALJ's finding that Henry's testimony was not credible. "In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). "Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Id. In assessing an individual's statements regarding pain or other symptoms, the ALJ is to consider whether there is objective medical evidence of an underlying medical condition. Id. If there is, the ALJ must examine whether this evidence either confirms the severity of the alleged pain or if the condition is so severe that it can reasonably be expected to produce the alleged pain. Id. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Id. The ALJ can also consider the claimant's household and social activities in evaluating his assertion of pain or ailments. Id. at 532.

Henry argues that the ALJ's credibility assessment was flawed because she did not properly evaluate the objective medical evidence. Henry first argues that the ALJ "rejected" this evidence. Obj. at 10 (cm/ecf page). However, in the next sentence, Henry argues that the ALJ "disregarded" this medical evidence entirely. Id. A review of the record demonstrates that the ALJ properly

7

considered whether objective medical evidence supported Henry's claims regarding the severity of his ulcers and cellulitis. As noted above, the ALJ relied heavily on the opinion of Dr. Aprahamian, Henry's treating physician at the VA. Prior to rendering his opinion, Dr. Aprahamian examined Henry and reviewed all of his relevant records. While Henry points to records evidencing treatment for his ulcers and cellulitis, these records do not undermine the magistrate judge's conclusion that there was substantial evidence to support the ALJ's credibility determination. See Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

Henry's medical records also indicate that he was willing to be untruthful in order to receive benefits. Medical notes indicate that Henry called Dr. O'Brien's office to express his dissatisfaction with the letter advising that he only needed to elevate his feet off the ground for five to fifteen minutes every two to three hours. A.R. at 285. He stated that he was "going to do what his buddy told him – go ahead and fork out the cash and go to a private doctor, because you can get 'a much better note' that way." Id. This statement indicates Henry's willingness to exaggerate his symptoms in order to receive disability benefits.

The ALJ's credibility assessment is also supported by Henry's inconsistent testimony. While he claimed his ulcers and cellulitis were consistently severe impairments, he testified at one point that he had not received an ulcer in years, and that he was capable of driving sixty miles without an issue. Id. at 19-20. All of this demonstrates that the ALJ's determination regarding Henry's credibility was supported by substantial evidence.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Henry's objections (Dkt. 16) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 15). Henry's motion for summary judgment (Dkt. 13) is denied and the Commissioner's motion for summary judgment (Dkt. 14) is granted.

SO ORDERED.

Dated: August 30, 2017                   s/Mark A. Goldsmith
  Detroit, Michigan                 MARK A. GOLDSMITH
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2017.

                                         s/Karri Sandusky
                                         Case Manager